IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DERRICK ROBERTS, JERMAINE BELL, JARVIS HILL, KEITHDRICK PATTERSON, TADARIOUS DIXON, DEMETRIUS PATTERSON, LAMONTE YOUNG, DANTRELL PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>SANITATION SOLUTIONS INC,<br><br>Defendant. | § § § § § § § § § § § § § CIVIL ACTION NO. 2:17-CV-00340-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sanitation Solutions Inc.'s ("Sanitation Solutions" or "Defendant") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 12) ("the Motion"). After considering the same, the Court finds that Defendant's Motion should be and hereby is GRANTED.

### I.   Background

On April 20, 2017, Plaintiffs Derrick Roberts, Jermaine Bell, Jarvis Hill, Keithdrick Patterson, Tadarious Dixon, Demetrius Patterson, Lamonte Young, and Dantrell Patterson ("Plaintiffs") filed this lawsuit against Defendant Sanitation Solutions. (Dkt. No. 1.) Plaintiffs are African-American sanitation workers who allege that they were subject to discrimination by Defendant's employees. (Dkt. No. 16 at 1.)

Defendant Sanitation Solutions is headquartered in Paris, Texas.[1] (*Id.*) Defendant avers that it stores all its documents and records there and that its key employees also reside in and around Paris. (Dkt. No. 12 at 1-2.) However, Defendant and its employees service communities throughout the Eastern District of Texas, including cities within the Marshall Division (such as Gilmer and Hallsville). (*Id.*)

Plaintiffs all reside in the Sherman Division of the Eastern District of Texas. (Dkt. No. 12 at 2.) During the relevant time period, Plaintiffs worked throughout the Eastern District of Texas including within the Marshall Division. (Dkt. No. 16 at 1.) At least some of Plaintiffs' allegations relate to events that occurred while they were working in and around the Marshall Division. (*Id.*)

On May 26, 2017, Defendant Sanitation Solutions filed this Motion seeking transfer under § 1404(a). (Dkt. No. 12.)

**II.     Legal Standard**

A district court may transfer a case to another district for "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). Typically, this involves a two-step inquiry. First, the Court determines "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) (hereinafter "*Volkswagen I*"). Second, the Court weighs a number of non-exclusive public and private interest factors. *See Volkswagen I*, 371 F.3d at 203. Such factors apply with equal force in considering motions to transfer within a judicial district. *See In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance

---

[1] Paris, Texas is about 64 miles away from the Sherman Division of the Eastern District of Texas and about 117 miles away from the Marshall Division. (Dkt. No. 12 at 2.)

for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203.

The public factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen I*, 371 F.3d at 203.

The party seeking transfer bears a "significant burden" to show that, based on these factors, the transferee forum is "clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10, 315 (5th Cir. 2008) ("*Volkswagen II*").

### III.  Discussion

#### A.  Whether This Action Could Have Been Brought in the Sherman Division

Neither side disputes that venue would be proper in either the Sherman Division or the Marshall Division of the Eastern District of Texas. (Dkt. No. 12 at 3; Dkt. No. 16 at 4.) Accordingly, the Court finds that this case could have been filed in either division. *Smith v. Michels Corp.*, No. 2:13-CV-00185-JRG, 2013 WL 4811227, at *2 (E.D. Tex. Sept. 9, 2013) ("28 U.S.C. § 1391(a) does not contain a divisional filing requirement.").

#### B.  Convenience Analysis

Having considered each of the applicable public and private factors related to transfer pursuant to 28 U.S.C. § 1404(a), the Court finds that, on balance, such factors weigh in favor of transfer.

### IV.  Conclusion

For the reasons set forth above, Defendant's Motion is **GRANTED**. Accordingly, it is hereby **ORDERED** that this case be and it is transferred to the Sherman Division of the Eastern

District of Texas.  The Clerk of the Court shall forthwith take such steps as are needed to effectuate the transfer.

**So ORDERED and SIGNED this 16th day of August, 2017.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE